

1   JEFFREY ROSENFELD (SBN 221625)
2   jeffrey.rosenfeld@bingham.com
    BINGHAM MCCUTCHEN LLP
3   1620 26th Street, Fourth Floor, North Tower
    Santa Monica, CA 90404
4   Telephone: 310.907.1000
    Facsimile: 310.907.2000
5
6   JOSHUA M. DALTON (*pro hac vice* pending)
    josh.dalton@bingham.com
7   LAWRENCE T. STANLEY, JR. (*pro hac vice* pending)
    lawrence.stanley@bingham.com
8   BINGHAM MCCUTCHEN LLP
    One Federal Street
9   Boston, MA 02110
    Telephone: 617.951.8000
10  Facsimile: 617.951.8736
11
    Attorneys for Plaintiff Talon International, Inc.
12
13                  UNITED STATES DISTRICT COURT
14                  CENTRAL DISTRICT OF CALIFORNIA
15                       WESTERN DIVISION
16

17   TALON INTERNATIONAL, INC.          No. **CV 12 - 2572** GAF
18                                                              (MRWx)
              Plaintiff,                **COMPLAINT FOR:**
19        v.
                                        **TRADEMARK
20                                      INFRINGEMENT, FALSE
     ADIDAS AG; ADIDAS                  DESIGNATION, REVERSE
21   INTERNATIONAL MARKETING B.V.;      CONFUSION, AND UNFAIR
     ADIDAS NORTH AMERICA, INC., and    COMPETITION**
22   ADIDAS AMERICA, INC.
                                        **(DEMAND FOR JURY TRIAL)**
23            Defendants.
24
25
26
27
28
     A/74805404.12

**COMPLAINT**

1.       Plaintiff Talon International, Inc. ("Talon") complains and alleges as follows:

**INTRODUCTION**

2.       Beginning in 2002, Talon began marketing a revolutionary new stretch technology for waistbands and other apparel-related applications.  It called that technology "TEKFIT," and obtained federal trademark registrations for the name.  Years later, the defendants (collectively "Adidas"), a worldwide sporting goods and apparel giant, released its own stretch technology for apparel.  Of the limitless possible names it could have selected, Adidas chose "TECHFIT" for its stretch technology.  Even though the U.S. Trademark office rejected Adidas's trademark registrations, telling Adidas that there was a "likelihood of confusion" from two "highly similar" marks that make "similar commercial impressions relative to the respective goods, specifically that the goods feature technology which will make them fit nicely on the user," Adidas has ignored Talon's rights and pushed forward using the confusingly similar TECHFIT trademark.  Talon brings this action to try and save the goodwill it has developed in its TEKFIT stretch technology from being overwhelmed by the onslaught of the much larger Adidas' marketing of its confusingly similar TECHFIT stretch technology.  Talon brings this action because might does not make right.

**NATURE OF THE ACTION**

3.       This is an action at law and in equity for trademark infringement, false designation of origin, reverse confusion, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), the California unfair competition statute, California Business and Professions Code § 17200 *et seq.*, and the common law.

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

## THE PARTIES

4.     Plaintiff Talon International, Inc. is a corporation formed under the laws of Delaware and has an address at 21900 Burbank Blvd., Suite 270, Woodland Hills, CA 91367.

5.     Upon information and belief, defendant Adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany and has an address at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.  At all relevant times, Adidas AG has done business in the Central District of California and is subject to the jurisdiction of this court.

6.     Upon information and belief, defendant Adidas International Marketing B.V. is a limited company formed under the laws of the Netherlands and has an address at Hoogoorddreef 9a, 1101 BA Amsterdam Z-O, The Netherlands.  At all relevant times, Adidas International Marketing B.V. has done business in the Central District of California and is subject to the jurisdiction of this court.

7.     Upon information and belief, defendant Adidas North America, Inc. is a corporation formed under the laws of Delaware and has an address at 5055 N. Greeley Avenue, Portland, Oregon 97217.  At all relevant times, Adidas America, Inc. has done business in the Central District of California and is subject to the jurisdiction of this court.

8.     Upon information and belief, defendant Adidas America, Inc. is a corporation formed under the laws of Delaware and has an address at 5055 N. Greeley Avenue, Portland, Oregon 97217.  At all relevant times, Adidas America, Inc. has done business in the Central District of California and is subject to the jurisdiction of this court.

## JURISDICTION AND VENUE

9.     This is an action at law and in equity for trademark infringement, false designation of origin, reverse confusion, unfair competition,

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

1    and deceptive trade practices arising under the Lanham Act, the California unfair

2    competition statute, California Business and Professions Code § 17200 *et seq.*, and

3    the common law.

4              10.    This court has subject matter jurisdiction of this action pursuant

5    to 28 U.S.C. §§ 1331 and 1338 and the principles of supplemental jurisdiction.

6              11.    This court has personal jurisdiction over Adidas in that it is

7    doing business in and may be found in the State of California and the Central

8    District of California.  Adidas is committing the acts alleged herein in the State of

9    California and the Central District of California.

10             12.    Venue for this action is proper in the Central District of

11   California pursuant to 28 U.S.C. § 1391(b).

12                          **BACKGROUND FACTS**

13        **A.    Talon International**

14             13.    Talon is a global apparel accessory company offering a wide

15   array of apparel component products and services around the world.

16             14.    Talon has had a presence in the apparel industry since its

17   founding in the early 1980s under its prior names, Tag-It Pacific, Inc. and Tag-It,

18   Inc.  Talon has become well-known in the apparel industry as a leading provider of

19   high-quality apparel accessories, including waistbands, zippers and fasteners.

20        **B.    The TEKFIT Marks**

21             15.    In 2001, Talon began negotiations with Pro-Fit Holding Ltd.

22   ("Pro-Fit") concerning an exciting new, patented stretch technology for use in

23   apparel.  The technology facilitates the addition of mechanical stretch into most

24   non-stretch fabrics in a manner that is invisible to the naked eye.  There are

25   numerous applications, including without limitation waistbands that have the

26   ability to stretch out and back by up to several inches, without the need to add

27   costly and unsightly elastics or other components.  Use of the stretch fabric

28   technology for waistbands thus provides a better and more comfortable fit.

16.     In February 2002, Talon obtained rights to the patented stretch technology via a licensing agreement with Pro-Fit.

17.     Intent on marketing this stretch technology as a key feature of any apparel into which it was incorporated, Talon decided to brand the technology with a name that would suggest some of the key aspects about the product—that it was a *tech*nology that would make clothing *fit* better.  Talon thus branded its stretch technology "TEKFIT."

18.     Talon promptly sought, and has since obtained, federal trademark protection for its TEKFIT name.  Talon is the owner of a Federal Registration for the mark TEKFIT (U.S. Reg. No. 2942440--filed February 22, 2002, issued April 19, 2005) for use in connection with woven and non-woven interfacing for use in the manufacture of finished textile articles in International Class 24, the mark TEKFIT (U.S. Reg. No. 3159297--filed August 1, 2002, issued October 17, 2006) for use in connection with men's, women's and children's pants, shorts and jeans in International Class 25, and the mark TEKFIT BY TALON (U.S. Reg. No. 3499444--filed August 1, 2002, issued September 9, 2008) for use in connection with men's, women's and children's pants, shorts and jeans in International Class 25 (collectively the "TEKFIT Marks").  A copy of the certificates of registration for the TEKFIT Marks are attached hereto as Exhibits A, B and C.

19.     Since obtaining rights to the patented stretch technology (hereafter the "TEKFIT technology") in 2002, Talon has adopted and used the TEKFIT Marks in connection with the sale and offer for sale of that technology as incorporated into pants, shorts and jeans.  As a result, the TEKFIT marks have become well-known and Talon has established extensive goodwill in the marks.

20.     After obtaining rights to the TEKFIT technology, Talon conducted extensive marketing, including to several apparel manufacturers such as Nike, Levi's, Nordstrom's, Lanier, and Oxford Industries.

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

21. Talon produced pants incorporating the TEKFIT technology (and sometimes the TEKFIT mark) into the waistband. Those pants were displayed with tags and other materials using the TEKFIT mark. Examples of such uses of the TEKFIT Marks are provided below:







COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

22.     In July 2002, Talon signed a deal with Levi Strauss & Co. ("Levi's"), in which Levi's agreed to incorporate the TEKFIT waistband into certain brands of Dockers pants.  Between 2002 and 2006, millions of pants incorporating the TEKFIT brand waistband were manufactured by Levi's and sold by retailers of Dockers.

23.     Talon garnered press for the launch of the TEKFIT waistband. For example, a 2003 article in *Women's Wear Daily* discussed the TEKFIT technology and the launch of the TEKFIT line.

24.     Seeking to build on its success from the Levi's deal, Talon continued marketing the TEKFIT technology.  By way of example, in 2003, Talon approached VF Corporation (the owner of Wrangler-branded jeans) and offered to sell TEKFIT waistbands for Wrangler-branded jeans.  Talon continued to use the TEKFIT mark on pants incorporated the TEKFIT technology.

25.     Talon's marketing efforts continued in 2003, 2004, and beyond. For example, Talon approached The Gap, Inc. in 2003 and 2004 offering the TEKFIT technology for use in waistbands of The Gap-branded jeans.  Talon also approached the makers of Hagaar slacks, including with sample pants and marketing materials, as well as others.  Talon included the TEKFIT mark on the pants incorporating the TEKFIT technology used to market it these companies.

26.     In 2006, Talon's agreement with Levi's ended.  Thereafter, Talon redoubled efforts to market the TEKFIT technology for use in a variety of pants and shorts.  For example, Talon approached a number of manufacturers individually, and included information about its TEKFIT products and technology in marketing materials distributed to its customers and potential customers.  Talon also attended trade shows, including one of the largest apparel trade shows in the country, the Magic Trade Show, in August 2006.  Talon displayed its TEKFIT technology, again using the TEKFIT marks, to top manufacturers and retailers during those shows.

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

27.    As a result of its continuing marketing, the TEKFIT mark has appeared on numerous well-known brands.  For example, the TEKFIT brand has appeared on pants and shorts, including from Eddie Bauer, Ralph Lauren, Roundtree & Yorke, Bobby Jones, Jack Nicklaus, and others.  Samples of the TEKFIT-branded hang tags used on said products are as follows:






28.    Beginning in or about 2007, pants incorporating the TEKFIT waistband were manufactured for Ralph Lauren and Roundtree & Yorke and sold by retailers of both brands.  The Ralph Lauren and Roundtree & York pants further included a hang tag on the pants reflecting that the pants incorporate the TEKFIT technology. A representative sample of the labels used on those pants with TEKFIT technology is seen above.

29.    In connection with marketing pants featuring the TEKFIT technology, major retailer Dillards ran national advertisements touting the TEKFIT feature in pants sold at Dillards.  In addition, Dillards created a separate "Tekfit

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

Department" within its Men's Department.  Fliers and "bag stuffers" touting the pants and their Tekfit waistband were distributed through the store.  In the Tekfit Department itself, Dillards featured both posters and video that made prominent use of the TEKFIT mark and lauded the TEKFIT technology, samples of which include the following:




30.    Use of the TEKFIT mark in connection with Talon's patented stretch technology is ongoing.  For example, Bobby Jones-branded pants are currently being sold and include a hang tag on the pants reflecting that the pants incorporate the TEKFIT technology.  A representative hang tag on Bobby Jones pants is depicted below:



31.    In addition, Jack Nicklaus-branded pants are currently being sold and include a hang tag on the pants reflecting that the pants incorporate the

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

1  TEKFIT technology.  A representative hang tag on Jack Nicklaus pants is depicted

2  below:



12      32.     Talon has used the TEKFIT Marks in connection with apparel

13  and stretch technology for use in apparel since at least as early as 2002.  The

14  TEKFIT Marks are distinctive and well-known in the apparel industry.

15      33.     The TEKFIT Marks are non-functional and the public

16  recognizes and understands that the TEKFIT Marks distinguish and identify goods

17  and services produced, sold, or sponsored by Talon.

18      34.     For many years, Talon has used and promoted the TEKFIT

19  Marks in connection with its goods and services.  To date, sales of products

20  incorporating the TEKFIT technology have been in the millions of dollars within

21  the United States.

22      35.     Talon has expended great effort and large sums of money in

23  making the TEKFIT Marks well-known.  Talon has established a reputation for

24  excellence, quality and reliability in connection with the goods and services it

25  provides in conjunction with the TEKFIT Marks.

26      36.     TEKFIT has become the gold standard for stretch waistband

27  technology.  As a result, numerous industry-leading manufacturers of interlinings

28

A/74805404.12

10

for apparel, including QST, Security Textiles, and PCC, have launched their own version of a stretch waistband and referred to it as "the replacement for TEKFIT."

37.     As a result of Talon's efforts and substantial expenditures, the TEKFIT Marks have become well-known and are instantly recognizable as being associated with the goods and services provided by or affiliated with Talon.

**D.     Adidas's Misappropriation of Talon's Goodwill**

38.     On information and belief, Adidas is one of the world's leading producers of athletic sportswear, footwear, and sporting equipment.

39.     A number of years after Talon began selling its TEKFIT technology, Adidas began marketing a line of clothing, including pants and shorts, featuring fabric with a stretch technology that purported to improve the fit and performance of the clothing.

40.     In spite of Talon's prior use of the TEKFIT Marks for its patented stretch technology for clothing, Adidas chose to call its own stretch technology "TECHFIT."  A sample of one common use of the mark is the following Adidas TECHFIT logo:



COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

41.   TECHFIT, a mark that is identical in sound and virtually identical in sight to the TEKFIT Marks, appears on clothing sold and offered for sale by Adidas.  Representative uses of the TECHFIT Mark by Adidas are provided below:

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

42.     On information and belief, Adidas has sold and is selling its clothing under the TECHFIT mark directly to consumers, as well as to retailers, who in turn have sold and are selling that clothing to consumers.

43.     On information and belief, Adidas has advertised and promoted clothing under the TECHFIT mark by touting the comfort of its compression fit, the seamless appearance of the clothing, the ability of the clothing to stretch with the wearer, and the increased mobility and performance provided to the wearer the clothing.

44.     Adidas and the goods and services marketed, sold, distributed, and offered for sale by Adidas in connection with confusingly similar imitations of the TEKFIT Marks are not associated with or connected to Talon, nor licensed, authorized, sponsored, endorsed, or approved by Talon in any way.

45.     Talon used the TEKFIT Marks extensively for many years before Adidas began marketing, selling, distributing and offering for sale goods and services in connection with its confusingly similar imitations of the TEKFIT Marks.

46.     Adidas knew or should have known that two stretch fabric technologies in the marketplace under identically sounding and virtually identically-spelled names would cause consumer confusion.

47.     Lest there was any doubt about the likelihood of confusion, when Adidas attempted to register the marks TECHFIT and ADIDAS TECHFIT for use in connection with "performance athletic clothing employing compression technology to support and enhance movement," including, shorts, pants, sweatpants, leggings, and the like in International Class 25, the United States Patent and Trademark Office ("PTO") rejected Adidas's applications initially in light of Talon's registration for the TEKFIT Mark (i.e., Registration No. 2942440) and subsequently also in light of Talon's additional registrations for the TEKFIT

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

1  and TEKFIT BY TALON Marks (Registration Nos. 3159297 and 3499444).

2  Specifically, the examiner explained (emphasis added):

3      Applicant's proposed mark is **highly similar** to the two registered

4      [Talon] marks because its sole **wording is nearly identical** to the sole

5      wording in registrant's first mark, and the dominant wording in

6      registrant's second mark.   While spelled differently, the TECHFIT

7      and TEKFIT wording is **identical in sound**.  … In addition to their

8      identical sound, **the marks make similar commercial impressions**

9      **relative to the respective goods, specifically that the goods feature**

10     **technology which will make them fit nicely on the user**. "TEK" is a

11     variation of "TECH", and does not have a separate or different

12     meaning compared to "TECH". …

13     48.    The examiner also underscored that the similarity of products

14 featuring the subject marks would lead to confusion, concluding (emphasis added),

15 "Since the marks are similar and the goods are related, **there is a likelihood of**

16 **confusion** as to the source of applicant's goods. Therefore, **applicant's mark is**

17 **not entitled to registration**."

18     49.    Even after the PTO's confirmation of the existence of Talon's

19 prior rights and the likelihood that Adidas would infringe those rights if it used the

20 TECHFIT mark, Adidas persisted.  Adidas made numerous efforts to convince the

21 PTO that there would not be confusion.  Those efforts failed.  The PTO continued

22 to reject Adidas' applications based on the likelihood of confusion with Talon's

23 TEKFIT mark.

24     50.    Yet that did not stop Adidas.  Despite the PTO's repeated

25 confirmations that Adidas's use of the TECHFIT Mark would cause confusion

26 with the TEKFIT Mark, Adidas has willfully persisted with its use of the

27 TECHFIT name for its stretch technology.

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

51.     Rather than simply find its own name, Adidas has continued to try and run Talon out of the picture.  For example, in January 2011, Adidas filed a petition to cancel the TEKFIT Marks.  Adidas alleges that Talon has abandoned the marks and/or is not using and has not used the marks.

52.     Though Talon has plainly never abandoned or stopped using the TEKFIT Marks, as detailed herein, Adidas continues to press its petition.

53.     Adidas's use of confusingly similar imitations of the TEKFIT Marks is likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that the goods and services marketed, sold, distributed, and offered for sale by Adidas are produced by, authorized by, or in some manner associated with Talon, which they are not.  The likelihood of confusion, mistake, and deception engendered by Adidas's misappropriation of the TEKFIT Marks has caused irreparable harm to the goodwill symbolized by the TEKFIT Marks and the reputation for quality and excellence that they embody, and that harm is ongoing.

54.     Purchasers, prospective purchasers and others viewing Adidas's confusingly similar imitations of the TEKFIT Marks in connection with Adidas's goods and services are likely to mistakenly attribute the goods and services to Talon.  Adidas's activities are therefore likely to cause confusion before, during, and after the time of purchase of Adidas's goods and services.  This is particularly damaging with respect to those persons who may perceive a defect or lack of quality in Adidas's reputation, products, or services.  By causing such a likelihood of confusion, mistake, and deception, Adidas has inflicted irreparable harm to Talon's goodwill in the TEKFIT Marks, and the reputation for quality and excellence that they embody, and that harm is ongoing.

55.     Adidas is using confusingly similar imitations of the TEKFIT Marks in connection with goods and services that are directly related to Talon's goods and services or within Talon's natural zone of expansion.

56.     On information and belief, Adidas knowingly, willfully and intentionally adopted and used confusingly similar imitations of the TEKFIT Marks to trade on the goodwill symbolized by the TEKFIT Marks and the reputation for quality and excellence that they embody.

57.     Upon information and belief, Adidas deliberately employs the TECHFIT Mark to mislead and confuse consumers that Adidas's goods and services are provided, sponsored, affiliated with, licensed or approved by Talon. Adidas thus unfairly benefits from the goodwill and excellent reputation of the TEKFIT Marks established by Talon throughout the United States and internationally at great effort and expense.

58.     Adidas has not now, and has never been, authorized by Talon to use the TEKFIT Marks or other colorable imitations of the TEKFIT Marks in connection with any goods or services, nor has Talon consented to any such use.

59.     Through Adidas's use of colorable imitations of the TEKFIT Marks, including the TECHFIT Mark, Talon's goodwill has suffered irreparable harm, which harm will continue as long as Adidas's uses continue.

**D.     Talon's Revitalized Program**

60.     As mentioned, the technology behind the TEKFIT waistband's ability to provide a comfortable stretch that is invisible externally is patented.

61.     Talon had marketed the TEKFIT technology under a patent license.  However, a protracted legal battle over the patent rights erupted in 2004.

62.     While Talon never stopped marketing and selling the TEKFIT technology, the battle over the underlying technology put a drag on the TEKFIT program.  Thus, while TEKFIT remained a strong brand, with considerable goodwill attached to it, concerns about possible interruption in supply given the dispute over the patents covering the underlying technology lead to reduced willingness on the part of retailers to risk carrying TEKFIT products.

A/74805404.12

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

63.     In March 2012, Talon successfully obtained rights to the patents behind the TEKFIT technology free and clear.

64.     Talon now plans to build on the success of the Eddie Bauer, Ralph Lauren, Bobby Jones, Jack Nicklaus and other programs and substantially increase the resources devoted to its TEKFIT program.

65.     Talon, however, finds itself unable to further exploit its own trademark without running into the confusingly similar TECHFIT Mark used by Adidas in the apparel market.  The flood of marketing that the much larger Adidas has done, even after being expressly informed by the PTO that such conduct would create a likelihood of confusion, has caused irreparable harm to the goodwill and brand value of the TEKFIT mark.

66.     Just as the PTO has always maintained, the existence of a second stretch technology for apparel under an essentially identical mark will create consumer confusion.

67.     Adidas has been flaunting that reality for years, and now must finally be made to respect Talon's pre-existing and superior trademarks and cease use of its confusingly similar TECHFIT Mark.

## FIRST CLAIM

### (Federal Trademark Infringement
### of the TEKFIT Mark - Lanham Act § 32)

68.     Talon realleges and incorporates paragraphs 1 through 67.

69.     Talon owns multiple valid and enforceable Federal Trademark Registrations, including for the mark TEKFIT (U.S. Reg. No. 2942440) for use in connection with woven and non-woven interfacing for use in the manufacture of finished textile articles in International Class 24, the mark TEKFIT (U.S. Reg. No. 3159297) for use in connection with men's, women's and children's pants, shorts and jeans in International Class 25, and the mark TEKFIT BY TALON (U.S. Reg.

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

1  No. 3499444) for use in connection with men's, women's and children's pants,

2  shorts and jeans in International Class 25.

3        70.    Adidas's use of the mark TECHFIT in connection with

4  clothing, including pants and shorts, is likely to cause confusion, deception and

5  mistake by creating the false and misleading impression that Adidas's apparel and

6  related goods and services are associated or connected with Talon, or have the

7  sponsorship, endorsement, or approval of Talon, and as such constitutes

8  infringement of the TEKFIT Marks in violation of Section 32 of the Lanham Act,

9  15 U.S.C. § 1114.

10        71.    Unless enjoined, Adidas's activities will continue to cause a

11  likelihood of confusion and deception of members of the public and, additionally,

12  injury to Talon's goodwill and reputation as embodied in the TEKFIT Marks, for

13  which Talon has no adequate remedy at law.

14        72.    Adidas's actions demonstrate an intentional, willful, and

15  malicious intent to trade on the goodwill associated with Talon's federally

16  registered TEKFIT Marks to Talon's great and irreparable injury.

17        73.    Adidas has caused and is likely to continue causing substantial

18  injury to the public and to Talon, and Talon is entitled to injunctive relief and to

19  recover Adidas's profits, actual damages, enhanced profits and damages, costs, and

20  reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

21                     **<u>SECOND CLAIM</u>**

22            **(Federal Unfair Competition as to the TEKFIT Mark -**
               **Lanham Act § 43(a))**
23

24        74.    Talon realleges and incorporates by reference paragraphs 1

25  through 73.

26        75.    Through extensive use of the TEKFIT Marks since 2002, Talon

27  has developed extensive goodwill rights in said mark, which goodwill is protected

28  by, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

76.     Adidas's use of confusingly similar imitations of the TEKFIT Marks has caused and/or is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Adidas's goods and services are associated or connected with Talon, or have the sponsorship, endorsement, or approval of Talon.

77.     Adidas has made false representations, false descriptions, and false designations of origin of its goods and services in violation of 15 U.S.C. § 1125(a), and Adidas's activities have caused and, unless enjoined by this court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Talon's goodwill and reputation as embodied in the TEKFIT Marks, for which Talon has no adequate remedy at law.

78.     Adidas's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TEKFIT Marks, to the great and irreparable injury to Talon.

79.     Adidas's conduct has caused, and is likely to continue causing, substantial injury to the public and to Talon, and Talon is entitled to injunctive relief and to recover Adidas's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

## THIRD CLAIM

### (Reverse Confusion - Lanham Act § 32)

80.     Talon realleges and incorporates paragraphs 1 through 79.

81.     Talon owns multiple valid and enforceable Federal Trademark Registrations, including for the mark TEKFIT (U.S. Reg. No. 2942440) for use in connection with woven and non-woven interfacing for use in the manufacture of finished textile articles in International Class 24, the mark TEKFIT (U.S. Reg. No. 3159297) for use in connection with men's, women's and children's pants, shorts

and jeans in International Class 25, and the mark TEKFIT BY TALON (U.S. Reg. No. 3499444) for use in connection with men's, women's and children's pants, shorts and jeans in International Class 25.

82.   Adidas's use of the mark TECHFIT in connection with clothing, including pants and shorts, is likely to cause confusion, deception and mistake by creating the false and misleading impression that Talon's apparel and related goods and services originate from Adidas, and as such constitutes reverse confusion trademark infringement of the TEKFIT Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is likely to cause consumer confusion, mistake, or deception.

83.   Unless enjoined, Adidas's activities will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Talon's goodwill and reputation as embodied in the TEKFIT Marks, for which Talon has no adequate remedy at law.

84.   Adidas's actions demonstrate an intentional, willful, and malicious intent to trade on or otherwise undermine the goodwill associated with Talon's federally registered TEKFIT Marks to Talon's great and irreparable injury.

85.   Adidas has caused and is likely to continue causing substantial injury to the public and to Talon, and Talon is entitled to injunctive relief and to recover Adidas's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## FOURTH CLAIM

### (Statutory Unfair Competition)

86.   Talon realleges and incorporates by reference paragraphs 1 through 85.

87.   Adidas, by virtue of its acts as alleged above, has willfully, knowingly and intentionally engaged in acts of unfair competition under California Business and Professions Code § 17200 *et seq.*

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

88.     Adidas's conduct has caused, and if not enjoined, will continue to cause irreparable damage to the public and to Talon in a manner that cannot be calculated or compensated in money damages.  Talon has no adequate remedy at law.

89.     As a result of the foregoing, Talon has been injured, and Adidas has received illicit profits and wrongful gains.

## FIFTH CLAIM

### (Common Law Unfair Competition and Trademark Infringement)

90.     Talon realleges and incorporates by reference paragraphs 1 through 89.

91.     For over 10 years, Talon has made use of the TEKFIT Marks in connection with its patented stretch technology in waistbands in pants, shorts, and jeans, and in connection with related goods and services.

92.     Adidas's use of confusingly similar imitations of the TEKFIT Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Adidas's apparel and related goods and services are associated or connected with Talon, or have the sponsorship, endorsement, or approval of Talon.

93.     The TEKFIT Marks are unique, distinctive, and have acquired secondary meaning.

94.     Adidas, by virtue of its acts as alleged above, has willfully, knowingly, maliciously and intentionally engaged in acts of unfair competition under the common law of the State of California.

95.     Adidas's conduct has caused, and if not enjoined, will continue to cause irreparable damage to Talon in a manner that cannot be calculated or compensated in money damages.  Talon has no adequate remedy at law.

96.     As a result of Adidas's acts, Talon has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Talon is

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

entitled to injunctive relief, to an accounting of Adidas's profits, to damages, and to costs.  In light of the deliberate and malicious use of confusingly similar imitations of the TEKFIT Marks, and the need to deter Adidas from similar conduct in the future, Talon additionally is entitled to punitive damages.

WHEREFORE, Talon prays for judgment against Adidas as follows:

## INJUNCTIVE RELIEF

For preliminary and permanent injunctive relief that:

1.      Adidas, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates and related companies and all persons acting for, with, by, through or under them, and each of them, be temporarily enjoined from, and preliminarily and thereafter permanently enjoined and restrained from:

a.      using in any manner the name or mark "TECHFIT," the TEKFIT Marks, or any word, words, or trade dress likely to cause confusion, mistake, or deception therewith, including without limitation the TECHFIT Marks, in connection with the sale, offering for sale, distribution, marketing, advertising or promotion of apparel and related goods and services;

b.      using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Adidas's goods, services, or events that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the TEKFIT Marks;

c.      using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Adidas's goods, services, or events that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods, services, and events are produced by Talon, or are sponsored or authorized by Talon, or are in any way connected or related to Talon;

A/74805404.12

22

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

1    d.    engaging in any other activity constituting an

2  infringement of Talon's trademark or trade dress rights or otherwise unfairly

3  competing with Talon in any way; and

4    2.    Adidas be directed to remove the TECHFIT Mark from all

5  products that bear mark or destroy all such products from which the TECHFIT

6  Mark cannot be removed, including any documents and other tangible things that

7  discuss, describe, mention, or relate to such products;

8    3.    Adidas be directed to expressly abandon with prejudice any

9  pending trademark applications for "TECHFIT" and "ADDIDAS TECHFIT";

10    4.    Adidas file with the court and serve upon Talon's counsel

11  within thirty (30) days after entry of Judgment a report in writing under oath

12  setting forth in detail the manner and form in which Adidas has complied with the

13  requirements of the Injunction and Order.

14  **DAMAGES**

15    5.    Adidas be required to account for and pay over to Talon all

16  profits realized by Adidas by reason of the unlawful acts alleged herein, in an

17  amount to be proven at trial;

18    6.    Talon be awarded all damages caused by the acts forming the

19  basis of this Complaint;

20    7.    Based on Adidas's knowing and intentional use of confusingly

21  similar imitations of the TEKFIT Marks, the damages award be trebled and the

22  award of Adidas's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

23    8.    Adidas be required to pay to Talon all of its costs,

24  disbursements, and reasonable attorneys' fees that Talon has and will incur in this

25  action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in the Complaint;

26    9.    Based on Adidas's willful and deliberate infringement of

27  Talon's marks, and to deter such conduct in the future, Talon be awarded punitive

28  damages.

A/74805404.12

23

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

## **OTHER RELIEF**

10.    For such other and further relief as the court may deem appropriate to prevent the infringement, disparagement, or dilution of the TEKFIT Marks, and to prevent further and/or additional acts of unfair competition by Adidas.

11.    For prejudgment interest.

12.    For attorneys' fees and costs.

13.    For such other relief as the court deems proper.

DATED:  March 26, 2012          Bingham McCutchen LLP


By: _____
     Jeffery Rosenfeld
     Attorneys for Plaintiff Talon
     International, Inc.

A/74805404.12

24

1

## JURY TRIAL DEMAND

2      Talon respectfully demands a trial by jury on all claims and issues so

3  triable.

4

5  DATED:  March 26, 2012            Bingham McCutchen LLP

6

7                                          By:

8                                               Jeffery Rosenfeld
                                                Attorneys for Plaintiff Talon
9                                               International, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, ETC.

# EXHIBIT "A"

Int. Cls.: 24 and 26

Prior U.S. Cls.: 37, 39, 40, 42, and 50

**United States Patent and Trademark Office**

Reg. No. 2,942,440
Registered Apr. 19, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## TEKFIT

TAG-IT PACIFIC, INC. (DELAWARE CORPORA-
TION)

21900 BURBANK BOULEVARD, SUITE 270

WOODLAND HILLS, CA 91367

FOR: WOVEN AND NON-WOVEN INTERFA-
CING FOR USE IN THE MANUFACTURE OF
FINISHED TEXTILE ARTICLES, IN CLASS 24 (U.S.
CLS. 42 AND 50).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

FOR: ZIPPERS; BUTTONS FOR USE IN FINISHED
TEXTILE ARTICLES; STAYS AND BONING FOR
USE AS STRUCTURAL REINFORCEMENTS IN
THE MANUFACTURE OF CLOTHING, IN CLASS
26 (U.S. CLS. 37, 39, 40, 42 AND 50).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

SN 76-374,373, FILED 2-22-2002.

KIM SAITO, EXAMINING ATTORNEY

# EXHIBIT "B"

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 3,159,297

Registered Oct. 17, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## TEKFIT

TAG-IT PACIFIC, INC. (DELAWARE CORPORA-
TION)
21900 BURBANK BOULEVARD, SUITE 270
WOODLAND HILLS, CA 91367

FOR: MEN'S, WOMEN'S AND CHILDREN'S
PANTS, SHORTS AND JEANS, IN CLASS 25 (U.S.
CLS. 22 AND 39).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

SN 76-436,518, FILED 8-1-2002.

REBECCA EISINGER, EXAMINING ATTORNEY

# EXHIBIT "C"

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,499,444

Registered Sep. 9, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**

**TEKFIT BY TALON**

TALON INTERNATIONAL, INC. (DELAWARE CORPORATION)
21900 BURBANK BLVD.
SUITE 270
WOODLAND HILLS, CA 91367

FOR: MEN'S, WOMEN'S AND CHILDREN'S PANTS, SHORTS AND JEANS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-31-2002; IN COMMERCE 7-31-2002.

OWNER OF U.S. REG. NOS. 243,746, 856,635, AND OTHERS.

SN 76-436,520, FILED 8-1-2002.

KIM SAITO, EXAMINING ATTORNEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 2572 GAF (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division** | **[ ]  Southern Division** | **[ ]  Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

JEFFREY ROSENFELD (SBN 221625)
jeffrey.rosenfeld@bingham.com
BINGHAM MCCUTCHEN LLP
1620 26th Street, Fourth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310.907.1000; Fax: 310.907.2000

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TALON INTERNATIONAL, INC. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **CV12-2572** -GAF-(MRWx) |
| ADIDAS AG; ADIDAS INTERNATIONAL MARKETING B.V.; ADIDAS NORTH AMERICA, INC., and ADIDAS AMERICA, INC. | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Jeffrey Rosenfeld _____, whose address is _1620 26th Street, Fourth Floor, North Tower Santa Monica, CA  90404_ _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  MAR 2 6 2012 _____

By:  MARILYN DAVIS _____
                        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TALON INTERNATIONAL, INC. | ADIDAS AG; ADIDAS INTERNATIONAL MARKETING B.V.  ADIDAS NORTH AMERICA, INC., and ADIDAS AMERICA, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JEFFREY ROSENFELD (SBN 221625); BINGHAM MCCUTCHEN LLP 1620 26th Street, Fourth Floor, North Tower, Santa Monica CA 90404 Telephone: 310.907.1000 (see attachment for additional attorneys) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No        ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1051 et seq. for trademark infringement, false designation of origin, reverse confusion; Cal. Bus. & Prof. Code§ 17200 et seq., for unfair competition.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 330 Fed. Employers' Liability | Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV12-2572**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Germany (Adidas AG ); Netherlands (Adidas International Marketing B.V.); Delaware and Oregon (Adidas North America, Inc. and Adidas America, Inc.) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date March 26, 2012

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

| | |
|---|---|
| 1 | **Attachment to Civil Cover Sheet** |
| 2 | Additional attorneys for Plaintiff Talon International, Inc. |
| 3 | JOSHUA M. DALTON (*pro hac vice* pending) |
| 4 | josh.dalton@bingham.com<br>LAWRENCE T. STANLEY, JR. (*pro hac vice* pending) |
| 5 | lawrence.stanley@bingham.com<br>BINGHAM MCCUTCHEN LLP |
| 6 | One Federal Street |
| 7 | Boston, MA 02110<br>Telephone: 617.951.8000 |
| 8 | Facsimile: 617.951.8736 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

ATTACHMENT TO CIVIL COVER SHEET

A/74847037.1